Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **CARLOS MANUEL URRUTIA BRUZÓN**<br><br>Recurrido<br><br><br>v.<br><br><br>**MUNICIPIO DE GUAYNABO**<br><br>Peticionario | KLCE202400932 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.:<br>**GB2019CV00431 (502)**<br><br>Sobre: **CAIDA** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparecen ante nos los peticionarios, el Municipio de Guaynabo, en adelante, Mun. Guaynabo, y Optima Seguros, en adelante, Optima, solicitando que revoquemos una determinación del Tribunal de Primera Instancia, Sala de Guaynabo, en adelante, TPI-Guaynabo, notificada mediante *"Minuta"* del 6 de octubre de 2023. El Foro Recurrido declaró *"No Ha Lugar"* una solicitud de desestimación al amparo de la Regla 39.2 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Por los fundamentos que expondremos a continuación, *denegamos* el auto solicitado.

**I.**

El 10 de abril de 2019, Carlos Urrutia Bruzón, en adelante, Urrutia Bruzón, su esposa Neriana Vicenty de Cardón y la Sociedad de Bienes Gananciales compuesta por ambos, en adelante, recurridos, incoaron una *"Demanda"* por daños y perjuicios en el TPI-Guaynabo contra el Mun. Guaynabo; Optima; Caparra Center

Número Identificador
RES2024_____

Associates, en adelante, Caparra Center; San Patricio Plaza Shopping Center, en adelante, San Patricio Plaza; QBE Insurance Company, en adelante, QBE.[1]

Según la demanda, el 9 de mayo de 2018, Urrutia Bruzón se dirigió a la farmacia Walgreens en San Patricio Plaza. Luego de estacionarse, y bajarse de su vehículo, se encontraba caminando hacia la misma, cuando tropezó y cayó sobre su rodilla izquierda. Urrutia Bruzón fue llevado al hospital, donde fue intervenido quirúrgicamente.

Los recurridos arguyeron que el Mun. Guaynabo faltó a su deber de mantener la superficie donde resbaló Urrutia Bruzón con los materiales adecuados para la fricción requerida en paseos peatonales. Además, aducen que Caparra Center fue negligente al no darle mantenimiento a la porción de la vía pública de la cual se sirve.

Por estos hechos, los recurridos solicitaron la suma de $100,000.00 por los daños y angustias mentales, $20,000.00 para la esposa de Urrutia Bruzón por las angustias mentales sufridas, $30,000.00 por los ingresos dejados de devengar y una suma no menor de $10,000.00 en honorarios de abogado. El 15 de julio de 2019, el Mun. Guaynabo presentó su *"Contestación a la Demanda"*.[2]

Luego de varias instancias procesales que no ameritan ser expuestas, el 16 de junio de 2022 se celebró la Conferencia con Antelación a Juicio.[3] En la misma, el TPI-Guaynabo sugirió celebrar una *vista de negligencia*, para que los recurridos presenten evidencia, y la parte peticionaria contrainterrogue. Estando de acuerdo las partes, la referida vista quedó pautada para el 14 de octubre de 2022. Luego de un re-señalamiento, la vista en cuestión

---

[1] Apéndice del recurso, pág. 1.
[2] *Id.*, pág. 6.
[3] *Id.*, pág. 98.

fue finalmente celebrada los días 12 de julio de 2023 y 4 de octubre de 2023.[4]

En la mencionada vista se estipuló que el día de los hechos estaba lloviendo.[5] Urrutia Bruzón testificó sobre la caída que sufrió en San Patricio Plaza. Además, se reprodujo en sala un video sobre el evento. La representación legal de este intentó insertar como evidencia unas fotos que tomó él y su cliente.[6] En estas fotos, según los recurridos, surgía el desnivel en la vía peatonal en la que ocurrió el accidente de Urrutia Bruzón. Oponiéndose las partes demandadas, el TPI-Guaynabo las excluyó. Por ello, el abogado del recurrido hizo una oferta de prueba. La única pieza evidenciaria admitida por el Foro Recurrido, además del video, son una serie de fotos del calzado que llevaba Urrutia Bruzón al momento de los hechos. En el segundo día de la vista, el recurrido fue contrainterrogado por las partes demandadas. El Mun. de Guaynabo, además, ofreció prueba de impugnación.[7]

Concluido el desfile de prueba, el Mun. Guaynabo y Caparra Center solicitaron la desestimación de la demanda al amparo de la Regla 39.2 (c) de Procedimiento Civil, supra.[8] La representación legal de Urrutia Bruzón se opuso a la moción de desestimación.[9] Luego de escuchar las argumentaciones de las partes, el TPI-Guaynabo declaró la moción de desestimación "No Ha Lugar".[10]

Inconformes, el 19 de octubre de 2023, el Mun. Guaynabo y Optima radicaron una moción de reconsideración.[11] Ese mismo día, Caparra Center y QBE radicaron otra moción de reconsideración.[12] El 31 de octubre de 2023, Urrutia Bruzón se opuso a la

---

[4] Apéndice del recurso, págs. 107 y 119.
[5] *Id.*, pág. 108.
[6] *Id.*, pág. 111.
[7] *Id.*, pág. 517.
[8] Transcripción de la prueba oral, págs. 458-475.
[9] Transcripción de la prueba oral, págs. 475-485.
[10] *Id.*, pág. 485.
[11] Apéndice del recurso, pág. 124.
[12] *Id.*, pág. 140.

reconsideración solicitada por Caparra Center y QBE.[13] Ese mismo día, también se opuso a la súplica de reconsideración del Mun. Guaynabo y Optima.[14]

Posteriormente, el 7 de noviembre de 2023, el Foro Recurrido declaró "No Ha Lugar" la solicitud de reconsideración del Mun. Guaynabo y Optima.[15] Por estos hechos, el 5 de diciembre de 2023, el Mun. de Guaynabo y Optima presentaron un recurso de *Certiorari* ante nos, impugnando la determinación del "No Ha Lugar" del Foro Primario, con relación a la solicitud de desestimación al amparo de la Regla 39.2 (c) de Procedimiento Civil, supra.[16] Sin embargo, mediante *"Resolución"* del 8 de febrero de 2024, desestimamos el recurso por falta de jurisdicción, toda vez que la solicitud de reconsideración de Caparra Center y QBE estaba aún pendiente.[17] Finalmente, el 29 de julio de 2024, el TPI-Guaynabo atendió la moción irresuelta de Caparra y QBE, y declaró la misma "No Ha Lugar".[18]

Así las cosas, el 28 de agosto de 2024, el Mun. Guaynabo y Optima comparecieron *nuevamente* ante este Tribunal mediante un *"Recurso de Certiorari"*, en el que hicieron el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DESESTIMAR ESTE CASO, LUEGO DE CELEBRADA UNA VISTA DE NEGLIGENCIA EN LA QUE NO HUBO PRUEBA DE LOS ELEMENTOS DE DICHA FIGURA CONTRA EL MUNICIPIO, POR LO QUE PROCEDÍA, AL AMPARO DE LA REGLA 39.2 DE LAS DE PROCEDIMIENTO CIVIL, QUE SE DESESTIMARA EL MISMO.

El 4 de septiembre de 2024, emitimos una *"Resolución"* en la que concedimos diez (10) días a la parte recurrida a expresarse sobre

---

[13] Apéndice del recurso, pág. 146.
[14] *Id.*, pág. 149.
[15] *Id.*, pág. 164.
[16] *Id.*, pág. 524.
[17] *Id.*, pág. 574. KLCE202301370.
[18] *Id.*, pág. 587.

el recurso, conforme a la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37. El 9 de septiembre de 2024, Urrutia Bruzón presentó su *"Alegato en Oposición a Petición de Certiorari"*.

Perfeccionado el recurso de autos, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o *de la denegatoria de una moción de carácter dispositivo*. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

(Énfasis suplido).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *IG Builders et al. v. BBVA PR,* 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Los peticionarios comparecen ante esta Curia solicitando que revisemos la determinación del TPI-Guaynabo en la segunda vista de negligencia celebrada el 4 de octubre de 2023. Luego de que desfilara la evidencia del caso, estos solicitaron que se desestimara la demanda por insuficiencia en la prueba para establecer la

negligencia de estos. El Foro Primario no concedió la petición. Ahora recurren el Mun. Guaynabo y Optima ante nos, señalando esta denegatoria como un error.

Por ser la moción *non suit* de desestimación un ejercicio altamente discrecional del Foro Primario, y no hallando perjuicio, parcialidad o abuso de discreción en su determinación, no estamos movidos a revocar el "No Ha Lugar" del TPI-Guaynabo.

## IV.

Por los fundamentos antes expuestos, *denegamos expedir el recurso de certiorari ante nos.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones